IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OCTAVIAN MONROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 2:20cv547-ECM-JTA |
| | ) [WO] |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Octavian Monroe ("Monroe") filed this civil action naming the United States of America as Defendant. Doc. No. 1. Monroe applied for leave to proceed *in forma pauperis* (Doc. No. 2) and submitted financial documents from the inmate account clerk at Ventress Correctional Facility providing the court with information to determine the average monthly deposits to and average monthly balance of Monroe's inmate account for the six-month period immediately preceding the filing of this action (*id.* at 3–4). Those documents established that, for the relevant period, the average monthly deposits to Monroe's prison account were $47.50, an amount greater than the average monthly balance of Monroe's account over this time. The court therefore ordered Monroe to forward to the Clerk the sum of $9.50 (20 percent of $47.50) as an initial partial filing fee. Doc. 3. The court advised Monroe it was his responsibility to submit the appropriate paperwork to the

prison account clerk for transmission of such funds and specifically cautioned Monroe "that if he fails to pay the initial partial filing fee in compliance with this order, the Magistrate Judge will recommend that this case be dismissed." *Id*. at 3.

Monroe has failed to pay the initial partial filing fee within the time provided by the court. Absent payment of the initial partial filing fee, this case cannot proceed before the court. The undersigned therefore concludes this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Monroe's failure to pay the initial partial filing fee as ordered by this court. It is further

ORDERED that the parties shall file any objections to this Recommendation on or **before October 2, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of September, 2020.

                    /s/ Jerusha T. Adams
                    JERUSHA T. ADAMS
                    UNITED STATES MAGISTRATE JUDGE